### DIAMOND v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term.    May 7,.1909.)

1. INSURANCE (§ 146*)—CONSTRUCTION OF POLICY—ANSWERS IN APPLICATION.
   Insured's answers in his application to questions therein framed by the company will be construed most favorably to insured.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 295; Dec. Dig. § 146.*]

2. INSURANCE (§ 665*)—BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY.
   Where the policy was issued in December, 1904, and insured died July 22, 1905, two physicians who attended at his death testifying that he died of pulmonary tuberculosis and in their opinion he had been "ill" from 14 months to 2 years, but not testifying as to the nature of his illness, the company cannot avoid payment of the policy on the ground of breach of warranty of soundness of health and freedom from consumption.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1713; Dec. Dig. § 665.*]

3. INSURANCE (§ 292*)—BREACH OF WARRANTY—MEDICAL ATTENDANCE.
   Insured was examined before the policy was issued, and stated in his application that he had never been treated in a dispensary, when he in fact had been so treated a year before for an unknown ailment. He died about 8 months after he was insured; his wife stating that he had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been ill about 2 months, and two physicians who attended him at his death testifying that in their opinion he had been "ill" for 14 months and 2 years, respectively, and that he died of pulmonary tuberculosis, but did not state the nature of his illness. *Held*, that it could not be said that the company would have rejected the policy, had it known that insured had been treated in a dispensary, and under the circumstances there was not a breach of warranty on that ground, so as to avoid the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 691; Dec. Dig. § 292.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Beckie Diamond against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for appellant.

Leopold Freiman, for respondent.

PER CURIAM. In December, 1904, the defendant company issued a policy for $500, payable to the plaintiff herein, upon the death of her husband, Joseph Diamond. Diamond died July 22, 1905. The plaintiff sued upon the policy and recovered judgment. The defendant appeals.

In the proofs of death it appears from the statements of two doctors who attended the deceased at the Montefiore Home, where he had gone about two months before his death, that death was due to "tuberculosis pulmonary." Neither of these doctors had ever seen the deceased until he came under their treatment at the Montefiore Home. In the opinion of one deceased had been ill one year and two months, and in the opinion of the other he had been ill about two years. Neither undertook to state the nature of the illness. The defendant appellant challenges the judgment upon the ground that the evidence shows breaches of warranty as follows, viz.: (1) As to soundness of health at the time of the delivery of the policy; (2) freedom from consumption; (3) not under the care of any physician within two years; (4) never under treatment in any dispensary.

If it is to be concluded that either of the three warranties first named was violated, such conclusion must be inferred from the disease of which the insured died, and the opinion of the two doctors as to its probable duration. It will be noted that the doctors gave it as their opinion that the insured had been ill, but did not assume to testify that the illness was of a pulmonary character. When we remember that the defendant is endeavoring to avoid payment on its insurance contract because of answers to inquiries or declarations which it had framed, and that a construction or inference most favorable to the insured must be adopted, it should not be held that the insured was guilty of a breach of either of the first three warranties above named.

It is the claim of the appellant that the falsity of the statement of

the deceased that he had never received treatment in any dispensary, set forth above as the fourth alleged breach of warranty, is established by the statement of the plaintiff, in answering question 13, in plaintiff's Exhibit 2, that deceased "was treated at Essex Street Dispensary over one year ago. Called there once. Claimant cannot tell the cause of complaint." An examination of Plaintiff's Exhibit 1 (the policy and application) indicates clearly that the object of the question and answers is that no material fact shall be withheld from the company. Should it be said that when the insured was asked, among the numerous questions propounded, if he had ever received treatment at any dispensary, and responded in the negative, he was guilty of withholding a material fact, because on one occasion, over one year before, he received treatment at Essex Street Dispensary for some unknown complaint? We think not. It is unreasonable to assume that a statement of the visit to the dispensary would have caused a rejection of the insured's application and prevented the execution of the contract.

The theory of the defense is that the judgment should not stand for the reason that the deceased perpetrated a fraud upon the defendant by procuring from it a contract of insurance when he was, and for some time had been, suffering from pulmonary trouble. The wife of the insured, the plaintiff herein, states that the illness of the insured extended over about two months. The two physicians say he died of "pulmonary tuberculosis," and give it as their opinion that he had been ill for more than one year before he came under their treatment. They do not, as we have seen, give an opinion as to the nature of his previous illness. The deceased was examined by the defendant company before the policy was issued. There is no evidence as to the condition of the deceased as disclosed by that examination. The reasonable inference is that, if the deceased was at that time suffering from pulmonary tuberculosis, that fact would have been discovered by the defendant's agents.

We are of the opinion that the evidence fails to establish a breach of warranty, and the judgment should be affirmed.

Judgment affirmed, with costs to the respondent.

DAYTON, J., taking no part.